IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH WAITE, )
 )
        Plaintiff, )
 )
v. )
 ) Civil Action No. 06-164J
MICHAEL J. ASTRUE,[1] )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 2nd day of January, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his current application for DIB on January 26, 2004, alleging disability beginning October 28, 2002, due to pressure and pain in his head, nerve damage in his neck, and eyes crossing and going out of focus.[2] Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on August 16, 2005, at which plaintiff appeared represented by a non-attorney. On August 25, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on May 17, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

---

[2]Plaintiff filed a previous application for DIB on February 21, 2003. After the ALJ conducted a hearing on the matter, he issued an adverse decision on October 9, 2003. The Appeals Council denied plaintiff's subsequent request for review, and plaintiff took no further action regarding his first application.

Plaintiff was 38 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a salesperson, bus driver and dispatcher, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of a history of trauma to the left side of the face, a history of whiplash injury to the cervical spine, a history of post-concussive syndrome, episodic vertigo, occipital neuralgia, mild sensoneural hearing loss and defective aortic valve, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional climbing of ramps and stairs, and he must avoid balancing, crawling or climbing ladders, ropes and scaffolds. In addition, plaintiff must avoid prolonged exposure to bright flashing lights. Plaintiff also is limited to occupations that do not require exposure to dangerous

AO 72
(Rev 8/82)

machines and unprotected heights, that do not require fine hearing capability, that do not involve the operation of motor vehicles during work hours, and that do not require one to converse over excessive background noise. Further, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment. Finally, plaintiff also requires work that involves only simple work-related decisions and relatively few work place changes (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a laundry folder, office cleaner or hand packer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy

...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at

40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the basis that the ALJ gave inadequate weight to the reports and opinion of Dr. Joseph Clark, a neurologist who was one of plaintiff's treating physicians. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. In accordance with this standard, the ALJ properly analyzed and weighed Dr. Clark's opinion.

Dr. Clark diagnosed plaintiff with post-concussive syndrome. (R. 272). In a letter dated August 15, 2005, Dr. Clark reported that he was having difficulty controlling plaintiff's headaches, and plaintiff was having difficulty with concentration. (R. 272). According to Dr. Clark, plaintiff's difficulty with headaches and concentration precluded any sustained attention to tasks. (R. 273). As of August 2005, it was Dr. Clark's opinion that plaintiff was unable to work. (R. 273).

With regard to the ALJ's analysis of Dr. Clark's opinion, the ALJ correctly noted that the doctor's opinion concerning plaintiff's supposed inability to work was not supported by his

treatment records, which reflected multiple unremarkable physical examinations, as well as normal or unremarkable MRI scans of plaintiff's brain and cervical spine. (R. 17, 117, 271). Furthermore, Dr. Clark identified only one specific functional limitation on plaintiff's ability to work, which was that plaintiff had difficulty concentrating.

In light of the unremarkable physical examinations and normal or unremarkable test results, the ALJ properly considered and weighed Dr. Clark's opinion. (R. 17). Although the ALJ did not give controlling weight to Dr. Clark's opinion that plaintiff was unable to work, the ALJ indicated that he gave Dr. Clark's reports "great weight." (R. 18). Indeed, the ALJ incorporated Dr. Clark's diagnosis of post-concussive syndrome into his finding that plaintiff's severe impairments include post-concussive syndrome, among other medical problems. (R. 13, 20). Further, in making the RFC Finding, the ALJ accommodated plaintiff's difficulty concentrating, which was the one functional limitation Dr. Clark identified, by limiting plaintiff to simple, routine, repetitive tasks that are not performed in a fast-paced production environment, and by limiting him to work that involves only simple work-related decisions and relatively few work place changes. Accordingly, the court finds that the ALJ properly considered and weighed Dr. Clark's reports and opinion.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of

the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 South Braddock Avenue
Suite 570
Pittsburgh, PA 15218

John J. Valkovci
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901

AO 72
(Rev. 8/82)